UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Elain Mendez, | |
|     Plaintiff, | 2:16-cv-00548 JWS |
| vs. | ORDER AND OPINION |
| Freeport-McMoRan, Inc., *et al.*, | [Re: Motion at Docket 26] |
|     Defendants. | |

## I.  MOTION PRESENTED

At docket 26, defendants Freeport-McMoRan, Inc., Freeport-McMoRan Copper & Gold Energy Services, LLC, and Freeport-McMoRan Morenci, Inc. (collectively "Freeport") move pursuant to Federal Rule of Civil Procedure 12(c) for an order dismissing the complaint of plaintiff Elain Mendez ("Mendez").  Mendez opposes at docket 27.  Freeport replies at docket 28.  Oral argument was requested but would not assist the court.

## II.  BACKGROUND

Mendez works as a truck driver for Freeport.  Her complaint alleges that Freeport has discriminated against her on the basis of her disability, in violation of the Americans with Disabilities Act ("ADA")[1] and the Arizona Civil Rights Act.[2]  Freeport seeks dismissal of Mendez's complaint in its entirety, arguing that Mendez's ADA claim is untimely.

---

[1] 42 U.S.C. § 12112, *et seq.*

[2] A.R.S. § 41-1461, *et seq.*

### III.  STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[3]  Because "Rules 12(b)(6) and 12(c) are substantially identical,"[4] a motion for judgment on the pleadings is assessed under the standard applicable to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6).[5]  Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[6]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[7]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[8]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a

---

[3] Fed. R. Civ. P. 12(c).

[4] *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

[5] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

[6] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[7] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[8] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[9] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[10] *Id.*

defendant has acted unlawfully."[11] "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[13]

In ruling on a Rule 12(c) motion, then, a court must "determine whether the facts alleged in the complaint, . . . taken . . . as true, entitle the plaintiff to a legal remedy."[14] "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings."[15] A Rule 12(c) motion is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.[16]

## IV.  DISCUSSION

Title VII of the Civil Rights Act of 1964[17] sets out a multi-step procedure that claimants must use to assert a claim for employment discrimination under the statute. "The process generally starts when 'a person claiming to be aggrieved' files a charge of an unlawful workplace practice with the [Equal Employment Opportunity Commission ("EEOC")]."[18] After receiving the charge, "the EEOC notifies the employer of the complaint and undertakes an investigation. If the Commission finds no 'reasonable

---

[11]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[12]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[13]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[14]*Strigliabotti*, 398 F. Supp. 2d at 1097.

[15]*Id.*

[16]*Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009).

[17]42 U.S.C. § 2000e, *et seq.*

[18]*Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645, 1649 (2015) (citing 42 U.S.C. § 2000e-5(b)).

cause' to think that the allegation has merit, it dismisses the charge and notifies the parties."[19]  The complainant then has ninety days after the EEOC gives such notice to pursue her own lawsuit.[20]

In support of its argument that Mendez's ADA claim is untimely, Freeport cites two documents not attached to Mendez's complaint.  The first is the EEOC's notice that was mailed to Mendez's address of record on June 15, 2015, and returned as undeliverable.[21]  The second is a letter Mendez sent to the EEOC, dated September 23, 2015, in which she provided the EEOC with her updated mailing address.[22]  Freeport asks the court to take judicial notice of these documents.[23]  Mendez does not respond specifically to Freeport's request for judicial notice.  Instead, she argues that the court cannot consider the documents because they are incorporated by reference to Freeport's answer and because the facts contained in the documents contradict facts stated in her complaint.

Freeport's request for judicial notice is granted, not because the documents are incorporated into Freeport's answer, but because they are records of an administrative agency not subject to reasonable dispute.[24]  Although Mendez is correct that the court must take as true all allegations of material fact contained in her complaint, the facts set out in Freeport's documents do not contradict any facts contained in her complaint.  Her complaint states that the EEOC notice was delivered to her with a postmark date of

---

[19]*Id.* (citing 42 U.S.C. § 2000e-5(f)(1)).

[20]42 U.S.C. § 2000e-5(f)(1).

[21]Doc. 26-1 at 24-26.

[22]*Id.* at 28.

[23]Doc. 26 at 2 n.2.

[24]Fed. R. Evid. 201; *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (court may take judicial notice of records of administrative bodies), overruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

November 30, 2015.[25]  This is not inconsistent with the fact that the EEOC had unsuccessfully attempted to deliver the notice to her in June.

Where, as here, a claimant does not receive an EEOC notice because he or she failed to provide the EEOC with an updated mailing address, the ninety-day period is calculated from the date on which the EEOC attempted to deliver the right-to-sue notice at the claimant's address of record.[26]  Because Mendez did not file her ADA claim within ninety days of June 15, 2015, her claim is untimely.

## V.  CONCLUSION

Based on the preceding discussion, Defendant's motion to dismiss at docket 26 is GRANTED.  The court declines to exercise supplemental jurisdiction over Mendez's state law claim.[27]  This case shall be closed.

DATED this 7th day of November 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[25] Doc. 1 at 7 ¶ 55.

[26] *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) (ninety-day period begins running when delivery of the right-to-sue notice is attempted at the address of record with the EEOC).

[27] 28 U.S.C. § 1367(c)(3).  *See also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001); *Yuhre v. JP Morgan Chase Bank FKA Washington Mut.*, No. 2:09-CV-02369, 2010 WL 1404609, at *8 (E.D. Cal. Apr. 6, 2010).